**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **DOUGLAS AND KELLY LEUNG,** | ) | |
| **APRIL MOORE, ROBERT DARBEE,** | ) | |
| **ERNESTINE JAEGER, KATHLEEN** | ) | |
| **APONTE, SHAWN AND LISA** | ) | |
| **FIRESTINE, CLARIA AND CHASTITY** | ) | |
| **GETHERS, ON BEHALF OF** | ) | |
| **THEMSELVES AND OTHERS** | ) | |
| **SIMILARLY SITUATED,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT** |
| | ) | **(JURY DEMAND)** |
| **VANDERBILT MORTGAGE AND** | ) | |
| **FINANCE, INC., CMH HOMES, INC.,** | ) | |
| **AND AMERICAN BANKERS LIFE** | ) | |
| **ASSURANCE CO. OF FLORIDA,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## PARTIES

**Plaintiffs:**

1.)     Plaintiffs Douglas and Kelly Leung are citizens and residents of the City of Myrtle Beach, County of Horry, State of South Carolina, living at 538 Folly Estates Drive, Myrtle Beach, South Carolina.

2.)     Plaintiff April Moore is a citizen and resident of the City of Myrtle Beach, County of Horry, State of South Carolina, living at 615 Mammie Drive, Myrtle Beach, South Carolina.

3.)     Plaintiff Robert Darbee is a citizen and resident of the City of Conway, County of Horry, State of South Carolina, living at 1215 13th Avenue, Conway, South Carolina.

4.)     Plaintiff Ernestine Jaeger is a citizen and resident of the City of Conway, County of Horry, State of South Carolina, living at 962 Jamestown Road, Conway, South Carolina.

5.)    Plaintiff Kathleen Aponte is a citizen and resident of the City of Conway, County of Horry, State of South Carolina, living at 481 Aponte Drive, Conway, South Carolina.

6.)    Plaintiffs Shawn and Lisa Firestine are citizens and residents of the City of Florence, County of Florence, State of South Carolina, living at 1001 Jamestown Road, Florence, South Carolina.

7.)    Plaintiffs Claria and Chastity Gethers are citizens and residents of the City of Summerville, County of Dorchester, State of South Carolina, living at 130 Deweece Lane, Summerville, South Carolina.

**<u>Defendants:</u>**

8.)    Defendant Vanderbilt Mortgage and Finance, Inc. (hereinafter referred to as "Defendant Vanderbilt") is a Tennessee Corporation authorized to do business in South Carolina and which does transact or has transacted business in the State of South Carolina.

9.)    Defendant CMH Homes, Inc. (hereinafter referred to as "Defendant CMH") is a Tennessee corporation that maintains various places of business in South Carolina and transacts or has transacted business in the State of South Carolina.

10.)    Defendant American Bankers Life Assurance Co. of Florida (hereinafter referred to as "Defendant American") is a Florida corporation that on information and belief maintains various places of business in South Carolina and is authorized to and transacts or has transacted business in the State of South Carolina.

2

## JURISDICTIONAL FACTS

11.) This Court has original jurisdiction over the case pursuant to the provisions of 28 U.S.C. 1332 (a)(1) and 28 U.S.C. 1332 (d)(2) since all parties are diverse, some of the individual claims of the putative class members may have actual damages in excess of $75,000.00, and the foreseeable damages of the putative class may be more than $5,000,000.00.

12.) This Court has jurisdiction over this matter, pursuant to, *inter alia*, 12 U.S.C. Sections 2605, 2607 and 2609, and 15 U.S.C. Section 1640(e).

## COMMERCE

13.) The acts and practices of the Defendants alleged in this Complaint have been in or effecting "Commerce" as that term is defined in Section 4 of the FTC Act, 15 U.S.C. § 44, and/or used in *S.C. Code Ann. Section* 39-5-20.

## GENERAL FACTUAL ALLEGATIONS

14.) Defendants Vanderbilt and CMH are "persons" as that term is defined by Section 3(5) of the Real Estate Settlement Procedures Act ("RESPA") 12 *U.S C.* § 2602(5) and are subject to the requirements of RESPA and Regulation X, its implementing regulation, and are "warrantors" or "suppliers" as those terms are defined in 15 *U.S.C.* Section 2301.

15.) Defendant CMH is a seller of manufactured homes which likewise participates as seller in the financing of mobile homes in credit sale transactions, some of which are secured by the mobile homes themselves and some of which are secured by a mortgage on real estate in addition to or in lieu of a security interest in the mobile home.

16.) In connection with the closing, servicing and collection or mortgage transactions and transactions secured by mobile homes, Defendants Vanderbilt and CMH sell insurance products and

other by-products to debtors, including credit life insurance and a "Home Buyers Protection Plan," or extended warranty or service contract for the repair of the homes or appliances in the homes.  Many of these insurance and warranty products are marketed, developed, and/or underwritten by Defendant American.

17.)     Defendant Vanderbilt is a financial services company specializing in the acquisition, servicing and resolution of mortgage transactions as well as transactions and sales finance transactions secured by mobile homes used or to be used as the debtor's dwelling.

18.)     Defendant American is an insurance company which, upon information and belief, sells insurance products and other by-products including, without limitation, consumer credit life insurance or service or extended warranty contracts in connection with the sale of mobile homes in various states, including the State of South Carolina.

19.)     In connection with the closing, servicing and collection of mortgage transactions and transactions secured by mobile homes, including a home sold to Plaintiffs Claria and Chastity Gethers on or about October 27, 2003, and Plaintiff Ernestine Jaeger on or about July 29, 2003, Defendants Vanderbilt and CMH sold insurance products and other by-products to debtors, including a "Home Buyers Protection Plan", or extended warranty or service contract for the repair of the homes or appliances in the homes.

20.)     As a mortgage servicer, Defendant Vanderbilt collects and processes credit payments from debtors on the obligations stemming from those transactions.

21.)     Defendant Vanderbilt profits from various fees it charges consumers on the transactions it services, including late fees.  For example, Defendant Vanderbilt profits from the monies it "advances" to the customer to pay for items that Defendant Vanderbilt deems necessary to

protect its rights and the property. These "advances" include fees for property inspections, foreclosure fees or attorney fees. These advances are added to the loan balance and Defendant Vanderbilt profits from interest charged on the advances.

22.)    Upon information and belief, Defendant Vanderbilt receives compensation, in the form of commissions or otherwise, when it "force places" casualty insurance on consumers' homes. In terms of the mortgage transaction or secured transactions serviced by Defendant Vanderbilt, consumers are required to maintain homeowner/fire (and in some cases, flood) insurance on their homes. Defendant Vanderbilt "advances" the money to the consumer to pay for casualty insurance that it places on consumers' homes when the consumer allows the insurance to lapse, or when Defendant Vanderbilt claims the consumer allowed the insurance to lapse. This force-placed insurance coverage is usually more expensive than insurance that the consumers might purchase themselves and/or get through their own agent.

23.)    The mortgage transactions or secured transactions serviced by Defendant Vanderbilt have due dates and grace periods of time after which a loan payment is due but before which a late fee may be assessed.

24.)    Once these consumers' transactions, including some of the named Plaintiffs, are categorized as "delinquent", Defendant Vanderbilt then charges other fees to the accounts of consumers who are delinquent or whom Defendant Vanderbilt claims to be delinquent.

25.)    Upon information and belief, in the past Defendant Vanderbilt has failed to apply subsequent payments to the amounts due or applied those payments to other fees allegedly owed rather than to the principle and interest due, or pyramids late fees, or charges more than one late fee

for a single delinquency period.  As a result of these practices, consumers fall further behind on their scheduled mortgage payments according to Defendant Vanderbilt's records.

26.)    In many instances, Defendant Vanderbilt improperly force-placed casualty insurance on debtor's homes, including on debtors' homes when Defendant Vanderbilt either knew or should have known that the debtor(s) already had insurance in place. Many times Defendant Vanderbilt has been notified that the account was not in need of insurance because the debtor(s) had already purchased casualty coverage.

27.)    As a result of the additional cost of the premiums for the force-placed insurance, debtors' regular mortgage payments were deemed "insufficient," and/or their loan payments were not posted to their accounts, and/or fees were improperly assessed by Defendant Vanderbilt.

28.)    Upon information and belief, in the case of many debtor(s), Defendant Vanderbilt continued to demand an inflated monthly payment, and debtor(s) continued to tender the payments they knew to be correct after which Defendant Vanderbilt wrongly refused to apply their tendered payments to their mortgage or loan secured by the mobile home.

29.)    In collecting payments which Defendant Vanderbilt claims are "late", Defendant Vanderbilt uses aggressive practices that threaten consumers with continuing and harassing collection calls, illegal communication concerning the debts to third parties or threats of such illegal communications, defamatory statements, negative credit ratings, additional fees, and even repossession or foreclosure, to obtain consumers' agreements to forbearance agreements or other workout solutions that demand the "total amount due".  On information and belief, the "total amount due" demand included all payments due and all fees assessed by Defendant Vanderbilt whether or not legal or conforming to the contract.

30.)     Upon information and belief, when debtor(s) of Defendant Vanderbilt dispute any aspect of their credit servicing, such as the timely posting of their payments, the excessive or unwarranted fees, or the forced-place insurance coverage, in many instances Defendant Vanderbilt failed to timely and adequately acknowledge, investigate and/or respond to the consumers' complaints.

## CLASS ACTION ALLEGATIONS

31.)     Plaintiffs incorporate by reference all of the foregoing paragraphs.

32.)     Plaintiffs bring these claims on behalf of the following classes:

a.)     Class 1: This class consists of all persons in the United States who have mortgages serviced by Defendant Vanderbilt and have been charged excessive fees and costs associated with the mortgage.

b.)     Class 2: This class consists of all persons in the United States who have credit transactions secured by a mobile home serviced by Defendant Vanderbilt and who have been charged excessive fees and costs associated with the credit transaction.

c.)     Class 3: This class consists of all persons in the United States who have mortgages or credit transactions secured by mobile homes and who have had insurance force-placed against the home by Defendant Vanderbilt, when the insurance required by the contract had not in fact lapsed, nor was there other justification in law or the contract for force-placing insurance.

d.)     Class 4: This class consists of all persons in the United States who have consumer purpose credit sale mortgages or credit transactions secured by mobile

homes, originated by or assigned to Defendants CMH or Vanderbilt, in which those defendants failed to comply with the Federal Truth in Lending because:

    i.)     they charged and disclosed to the debtors closing related charged set forth in Regulation Z, 12 C.F.R. 226.4 (c)(7) which were not bona fide or reasonable in amount;

    ii.)    they otherwise charged or disclosed to consumers as part of the amount financed fees, charges or premiums that were in excess of those allowable under applicable law;

    iii.)   they failed to make timely disclosures under 12 C.F.R. 226.19; or

    iv.)    they failed to make material disclosures on the basis of the legal obligations of the parties.

e.)     Class 5:  This class consists of all persons in the United States who have been sold manufactured homes by Defendant CMH for residential purposes, in which ether a written express warranty was made or an extended warranty or service contract was sold to the buyer at the sale or within ninety days thereafter, and the manufactured home had or acquired a defect or non-conformity in violation of written warranties or implied warranties under applicable law.

f.)     Class 6:  This class consists of all persons in the United States who have been defamed under applicable law by Defendant CMH's or Vanderbilt's:

    i.)     providing false information concerning buyers' payment of accounts sent or forwarded to credit reporting agencies by those defendants accompanied by malice or willful intent to injure; or

        ii.)      providing false information to neighbors, kinfolk, or other third parties in connection with those defendants' attempts to collect the debts.

g)      Class 7:  This class consists of all persons in South Carolina who were:

        i.)      not given timely disclosures of the opportunity to select an insurance agent and/or closing attorney to write required physical damage insurance or represent them in the closing or a consumer purpose mobile home sale secured a mortgage on real estate, and were nevertheless charged fees, premiums or other charges for such services;

        ii.)      not given timely and accurate disclosure of the optional nature of consumer credit insurance or other by-products sold in connection with the sale of the mobile home, or, if such disclosures were given, the fee, premium, or other charge for the consumer credit insurance or other by-product exceeded the fee or premium allowable for the consumer credit insurance or other by-product under applicable law, or was charged without the proper licensure under applicable law.

h.)      Class 8: This class consists of all persons in the United States having mortgage credit transactions originated or serviced by either Defendant CMH or Defendant Vanderbilt in which those Defendants failed or refused to comply with the Real Estate Settlement Procedures Act for any of the following reasons:

        i.) they failed to meet the requirements of 12 U.S.C. 2605 regarding making payments from escrow accounts for taxes or insurance in a timely manner;

9

ii.) they failed to meet the requirements of 12 U.S.C. 2607 regarding the prohibition of kickbacks or unauthorized fees;

iii.) they failed or refused to accurately make good faith estimates of the disclosures as required by 12 C.F.R. 226.18 in transactions subject to the real Estate Settlement Procedures Act, within three days of receiving the consumers' written application, in violation of 12 C.F.R. 226.19; or

iv.) they failed to meet the requirements of 12 U.S.C. 2609 regarding escrow account statements, collection of escrow and notification of shortage in escrow.

i.)     Class 9:  This class consists of all persons in the United States who have been sold manufactured homes by Defendant CMH for residential purposes or who have credit or real estate mortgage accounts assigned to or serviced by Defendant Vanderbilt for whom those Defendants have breached a duty of care.

j.)     Class 10:  This class consists of all persons in the United States who have been sold manufactured homes by Defendant CMH for residential purposes or who have credit or real estate mortgage accounts assigned to or serviced by Defendant Vanderbilt for whom those Defendants have breached the contract by noncompliance with its terms or by violation of applicable law.

k.)     Class 11:  This class consists of all persons in the United States who have entered transactions in which they were sold manufactured homes by Defendant CMH for residential purposes or who have credit or real estate mortgage accounts assigned to or services provided by Defendant Vanderbilt, and in which those defendants have

violated applicable law concerning unfair, deceptive acts or practices of unconscionable conduct.

33.) Plaintiffs are members of the Class they seek to represent.

34.) Upon information and belief, hundreds of mobile home purchasers have entered into consumer loans with Defendant Vanderbilt. Thus, members of the Class are numerous and joinder is impracticable. The Class members are identifiable, inter alia, from information and records that should be maintained by Defendants.

35.) Plaintiffs' claims are typical of the claims of the Class because all of the Class members sustained similar damages as a result of Defendants' actions.

36.) There are numerous questions or law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a) whether Defendants sought and collected fees and charges not authorized by the loan contract or not legally due and owing;

b) whether Defendants charged borrowers for unnecessary force-placed insurance and collected excessive amounts for force-placed insurance premiums for which it received an improper payment from the insurer or increased interest or default payments as a result of force-placing insurance;

c) whether Defendants issued statements which failed to include accurate and required accounting information;

d) whether Defendants prematurely referred accounts to collections and foreclosure, before legal or contractual grace periods expired;

11

e)      whether Defendant Vanderbilt sent collection notices seeking to collect amounts not legally due and owing;

f)      whether Defendant Vanderbilt routinely failed to respond to borrowers' qualified written request for account information as required by RESPA;

g)      whether Defendants' conduct violated the Truth in Lending Act as set forth in this Complaint;

h)      whether Defendants failed to give the disclosures and notices required by and otherwise handled mortgage accounts in compliance with the Real Estate Settlement Procedures Act;

i)      whether Defendants profited by charging the Plaintiffs and the Class for services which were not provided;

j)      whether Defendants have been unjustly enriched at the Plaintiffs' and the Class's expense;

k)      whether Defendant Vanderbilt has engaged in abusive, harassing, deceptive, or illegal debt collection practices in collecting consumer debts;

l)      whether Defendants have breached a duty or care to the Plaintiffs;

m)      whether Defendants have breached contracts with the Plaintiffs by failing to conform to those contracts or by violating applicable law concerning those contracts;

n)      whether Defendants are liable to the Plaintiffs and the Class in this action, as alleged in this Complaint.

37.)     All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

38.)     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.

39.)     Plaintiffs have no claims antagonistic to those of the Class.

40.)     Plaintiffs have retained competent legal counsel who are experienced in complex class actions and mass torts.

41.)     Legal counsel is committed to the vigorous prosecution of this action.

42.)     The prosecution of separate actions by the Plaintiffs and individual Class members against the Defendants would create a risk of inconsistent or varying adjudications on the common issues of law and fact that relate to this action.

43.)     A class action is superior to all other available methods of adjudication for the fair and efficient resolution of this ongoing controversy.

44.)     The expense and burden of litigation would substantially impair the ability of the Class members to pursue individual cases in order to initiate their legal rights.

45.)     In the absence of a class action, the Defendants will retain the benefits of their wrongdoing.

46.)          Class certification is appropriate in this action because the common issues of fact and law alleged herein are common to the Class members and predominate over any questions affecting only individual members, thereby rendering the class action superior to all other available methods for the fair and efficient adjudication of this ongoing controversy.

13

**FOR A FIRST CAUSE OF ACTION**
**NEGLIGENT HIRING, SUPERVISION AND RETENTION**
**(against Defendant Vanderbilt)**

47.)     With regard to the hiring, supervision, and retention of employees or the commissioning of Defendant Vanderbilt's agents or representatives, Defendant Vanderbilt owed its debtors, including the named Plaintiffs and the Class they represent, a duty of care to oversee the collection or servicing of accounts and to ensure that such servicing or collection was in compliance with applicable law.

48.)     Defendant Vanderbilt breached its duty of care in the following particulars, without limitation:

(a.)     it failed or refused to adequately supervise the employees' or agents' servicing and/or collection activities of consumers' debts; and

(b.)     it failed or refused to timely apply monies in impound or escrow accounts to the payment of taxes and insurance as required by its contracts with the Plaintiffs.

49.)     As a proximate result of Defendants' acts and/or omissions as described herein, Plaintiffs suffered damages.

**FOR A SECOND CAUSE OF ACTION**
**NEGLIGENCE**
**(against Defendants Vanderbilt and CMH)**

50.)     Plaintiffs incorporate by reference all of the foregoing paragraphs.

51.)     Defendants owed Plaintiffs and Class members a duty of care to service their loan and coordinate their payments and the collection of them.

14

52.)    Defendants breached this duty of care to Plaintiffs and Class members by the acts and practices set forth above.

53.)    Defendants knew or should have known that these breaches of duty would harm Plaintiffs and Class members.

54.)    The above referenced acts or practices that breached these duties to Plaintiffs and Class members were reasonably foreseeable in the exercise of ordinary care by the Defendants.

55.)    These acts and/or omissions in which Defendants breached their duty of care to Plaintiffs and Class members were negligent, willful, reckless or wanton.

56.)    As a proximate result of Defendants' acts and/or omissions as described herein, Plaintiffs suffered damages.

**FOR A THIRD CAUSE OF ACTION**
**NEGLIGENCE PER SE**
**(against Defendants Vanderbilt and CMH)**

57.)    Plaintiffs incorporate by reference all of the foregoing paragraphs.

58.)    Defendants have a duty to abide by certain state and federal statutes and regulations in the provision of services to clients.

59.)    The regulations and statutes are minimum standards of duties by which Defendants must abide in order to ensure that proper services are rendered to their clients, including Plaintiffs and the Class members they represent.

60.)    Defendants failed to abide by the statutes, standards, rules and regulations promulgated by the various states, including the State of South Carolina and the United States Government in their provision of services to Plaintiffs and the Class members they represent.

61.)    The statutes passed and the rules and regulations promulgated by the various states, including the State of South Carolina and the United States Government were specifically enacted for the benefit of the class of persons for which Plaintiffs and the Class they represent are members, and are not merely revenue raising statutes or regulations.

62.)    As a proximate result of Defendants' acts and/or omissions, Plaintiffs suffered damages.

### FOR A FOURTH CAUSE OF ACTION
### DEBT COLLECTION PRACTICES
### (against Defendant Vanderbilt)

63.)    Plaintiffs incorporate by reference all of the foregoing paragraphs.

64.)    Defendant Vanderbilt used false, deceptive, unfair or misleading means in its' collection of consumer credit or consumer debts in a way or ways that violate applicable law in every state or nearly every state, in violation of the South Carolina Consumer Protection Code, *S. C. Code Ann.* § 37-5-108, including, but not limited to, the following particulars:

(a.)  falsely representing the character, amount, or status of debt or any services rendered or compensation which may be lawfully received by a debt collector for the collection of a debt, in violation of  *S. C. Code Ann.* § 37-5-108 (5) ( c) (i);

(b.)  communicating or threatening to communicate to any person credit information which is known to be false, including the failure to communicate that a disputed debt is disputed, in violation of Section 37-5-108 (5) (b) (iv) and (d);

( c.)  Using false representations or deceptive means to collect or to obtain information concerning a consumer, in violation of Section 37-5-108 (5);

(d.)  Communicating with persons concerning the debt other than the consumer,

his attorney, a consumer reporting agency, attorney of the Defendants or debt collector without the permission of the consumer or a court, in violation of in violation of Section 37-5-108 (5) (b) (iv); or

(e) causing a telephone to ring repeatedly during a twenty-four hour period or engage any person in a telephone conversation with the intent to annoy, abuse, or harass any person at the called number.

65.) Defendant Vanderbilt's alleged acts or practices also constitute unfair or deceptive acts or practices in violation of the FTC Act, 15 U.S.C § 45 and applicable State Unfair or Deceptive Practices Acts.

66.) As a proximate result of Defendants' acts and/or omissions as described herein, Plaintiffs suffered damages.

### FOR A FIFTH CAUSE OF ACTION
### VIOLATION OF THE S.C. SERVICE CONTRACTS ACT
### (against all Defendants)

67.) Plaintiffs incorporate by reference all of the foregoing paragraphs.

68.) On or about October 27, 2003, Plaintiffs Claria and Chastity Gethers purchased a 1999 CMH Oxford Mobile Home, Serial No. OHC009153NCAB, from Defendant CMH at its Summerville, South Carolina, location, with a retail installment contract indicating the servicing of the contract was assigned to Defendant Vanderbilt. The sales price of the home was $56,390.00, and with lot improvements and closing costs, Plaintiffs financed a total of $64,140.00. In connection with this sale, Plaintiffs Claria and Chastity Gethers were also sold a "Home Buyers Protection Plan" service contract, at a cost of $404.00, issued by Defendant American.

69.)     On information and belief, numerous other persons were sold Home Buyer Protection Plan service contracts, either directly or by and through Defendants' agents, employees or representatives in connection with the sale of mobile homes to the public, in substantially the same way or with the same forms used for the transaction with the Plaintiffs.

70.)     Upon information and belief, at the time of the purchase, none of the Defendants were in compliance with the Service Contract Act, *S.C. Code Ann.* §§ 38-78-10 *et seq.*

71.)     Upon information and belief, Defendants failed to comply with the Service Contract Act until the filing of this Complaint.  Defendants' violations include, but are not limited to the following particulars:

a.)  failing to register as a service contract seller with the South Carolina Department of Insurance, as required by *S.C. Code Ann.* § 38-78-30;

b.)  failing to permit consumers to return their service contracts for a refund within the statutory time periods specified in *S.C. Code Ann.* § 38-78-30 and -50; and

c.)  failing to provide conspicuous disclosures of the price and terms under which the service contracts are sold; the conditions upon which after market parts may be allowed; restrictions governing the transferability of service contracts; or the terms governing cancellation of the service contracts, as provided in *S.C. Code Ann.* § 38-78-50.

72.)     Because Defendants were not in compliance with the South Carolina Service Contracts Act when they sold the service contract to the Plaintiffs, Defendants were unjustly enriched by their unlawful sale of the service contract.

73.) Because the sale of the service contract was unlawful and resulted in the unjust enrichment of the Defendants, or either of them, Plaintiffs are entitled to recover in equity an amount equal to the full amount of the purchase price of the service contract, plus a refund of any and all finance charges and foregone interest, costs and attorney fees incurred in bringing this action.

74.) Upon information and belief, Defendants have also failed to refused to comply with the licensing or disclosure of cancellation rights of other states in connection with the sale of service contacts or similar products.

75.) As a proximate result of Defendants' acts and/or omissions as described herein, Plaintiffs suffered damages.

**FOR A SIXTH CAUSE OF ACTION**
**TRUTH IN LENDING**
**(against Defendants Vanderbilt and CMH)**

76.) Plaintiffs incorporate by reference all of the foregoing paragraphs.

77.) Defendants Vanderbilt and CMH, or either of them, regularly extend consumer credit that is subject to a finance charge or in transactions that are payable in more than four installments, specifically, they extended credit more than five times for transactions secured by a dwelling in the year preceding each of the last seven years.

78.) In the transactions referenced hereinabove, Defendants Vanderbilt and CMH, or either of them, violated the Federal Truth in Lending Act, without limitation, in one or more of the following particulars:

(a.) failing or refusing to accurately make good faith estimates of the

disclosures required by 12 C.F.R. § 226.18 in transactions subject to the Real

Estate Settlement Procedures Act, within three days of receiving the consumer's

written application, in violation of 12 C.F.R. § 226.19.

(b.)  failing or refusing to accurately make the disclosures required by 12 C.F.R.

226.18, due to the following:

> i.)  charging real estate related fees as set forth in 12 C.F.R. § 226.4(c)(7) in
>
> a manner not authorized by applicable law, such that the fees were not bona
>
> fide nor reasonable in amount;
>
> ii.)  charging real estate related fees as set forth in 12 C.F.R. § 226.4(c)(7)
>
> which were substantially in excess of fees the debtors would typically pay
>
> for such fees in the community,  such that the fees were not bona fide nor
>
> reasonable in amount;
>
> iii.)  charging real estate related fees set forth in 12 C.F.R. § 226.4(c)(7)
>
> which were substantially in excess of the amount actually paid to third
>
> party vendors for such services, such that the fees were not bona fide nor
>
> reasonable in amount; and
>
> iv.)  charging and disclosing as part of the amount financed fees or
>
> premiums for consumer credit insurance or other by-products in amounts
>
> that exceed the amount allowable by law or by the contract.

( c.)  failing or refusing to make such disclosures to reflect the terms of the

legal obligations of the parties.

79.)     As a proximate result of Defendants' acts and/or omissions as described herein, Plaintiffs suffered damages.

### FOR A SEVENTH CAUSE OF ACTION
### RESPA
### (against Defendants Vanderbilt and CMH)

80.)     Plaintiffs incorporate by reference all of the foregoing paragraphs.

81.)     Defendants violated the Real Estate Settlement Procedures Act in one or more of the following particulars, without limitation:

> (a.)  failing to meet the requirements of 12 U.S.C. § 2605 regarding making payments from escrow accounts for taxes or insurance in a timely manner;

> (b.)  failing to meet the requirements of 12 U.S.C. 2607 regarding the prohibition of kickbacks and unauthorized fees;

> (c.)  failing or refusing to accurately make good faith estimates of the disclosures as required by 12 C.F.R. § 226.18 in transactions subject to the Real Estate Settlement Procedures Act, within three days of receiving the consumer's written application, in violation of 12 C.F.R. § 226.19; and

> (d.)  failing to meet the requirements of 12 U.S.C. 2609 regarding escrow account statements, collection of escrow and notification of shortage in escrow.

82.)     As a proximate result of Defendants' acts and/or omissions as described herein, Plaintiffs suffered damages.

### FOR AN EIGHTH CAUSE OF ACTION
### DEFAMATION
### (against Defendants Vanderbilt and CMH)

83.)     Plaintiffs incorporate by reference all of the foregoing paragraphs.

84.)     The acts and practices set forth above constitute false and defamatory statements made about the Plaintiffs, in the following particulars, without limitation:

(a.)  Defendants disseminated false information concerning Plaintiffs' accounts to credit reporting agencies; and

(b.)  Defendants disseminated false information concerning Plaintiffs to the employers, neighbors and relatives of the Plaintiffs concerning the Plaintiffs' accounts.

85.)     These publications to third parties were not privileged, or if privileged, were made with malice or willful intent to injure.

86.)     Defendants were at fault in these publications to third parties.

87.)     These publications caused special harm to the Plaintiffs.

88.)     These publications were undertaken by Defendants with malice or willfulness or intent to injure Plaintiffs.

89.)     As a proximate result of Defendants' acts and/or omissions as described herein, Plaintiffs suffered damages.

### FOR A NINTH CAUSE OF ACTION
### BREACH OF CONTRACT
### (against Defendants Vanderbilt and CMH)

90.)     Plaintiffs incorporate by reference all of the foregoing paragraphs.

91.)     Plaintiffs have incurred damages as a proximate result of Defendants' failure or refusal to abide by their contracts, prepared by the Defendants or by the requirements of applicable law made a part of such contracts.

92.)    As a proximate result of Defendants' acts and/or omissions as described herein, Plaintiffs suffered damages.

### FOR A TENTH CAUSE OF ACTION
### UNJUST ENRICHMENT
### (against Defendants Vanderbilt and CMH)

93.)    Plaintiffs incorporate by reference all of the foregoing paragraphs.

94.)    Defendants undertook the servicing of mortgages and contracts that were secured by the mobile homes of Plaintiff and Class members.

95.)    Defendants received monetary compensation for this servicing operation.

96.)    Defendants did not properly provide the servicing operation which should have been provided to Plaintiffs and Class members.

97.)    Defendants have been unjustly enriched by their actions in regard to Plaintiffs and the Class members they represent.

98.)    Defendants should have all of the monetary remuneration paid to them by Plaintiffs and the Class members they represent be disgorged and Plaintiffs and Class members should be reimbursed in full for services allegedly provided by Defendants.

99.)    Plaintiffs and Class members are entitled to all damages resulting from Defendants' unjust enrichment, including but not limited to, the imposition of a constructive trust in the amount of all gross profits Defendants wrongfully obtained by charging Plaintiffs and Class members for services that were never provided.

100.)    As a proximate result of Defendants' acts and/or omissions as described herein, Plaintiffs suffered damages.

<u>**FOR AN ELEVENTH CAUSE OF ACTION**</u>
<u>**UNFAIR TRADE PRACTICES**</u>
**(AGAINST ALL DEFENDANTS)**

101.)    Plaintiffs incorporate by reference all of the foregoing paragraphs.

102.)    Defendants' conduct as alleged above constitutes a willful violation of the Unfair

or Deceptive Practices Acts of the various States, including, without limitation, Section 39-5-20,

<u>et.</u> <u>seq.</u>, of the Code of Law of South Carolina (1976, as amended), commonly known as the

"South Carolina Unfair Trade Practices Act":

a)    in falsely representing to Plaintiffs that the manufactured home was in

excellent condition;

b)    in failing to disclose to Plaintiffs that the manufactured home in fact was

defective, and in failing to repair same;

c)    in violating the Consumer Protection Code, as set forth below, by charging

Plaintiffs for documentation or closing fees when it failed or refused to file such

fess with the Department of Consumer Affairs and post such fess in its place of

business as required by S.C. Code Ann. Section 27-2-307;

d)    in violating the Consumer Protection Code, as set for the below, by

charging an annual percentage rate in connection with a consumer credit sale in

excess of the rate it had ether contracted for or filed with the Department of

Consumer Affairs or posted conspicuously in its place of business as required by

S.C. Code Ann. Sections 37-2-201 and -305;

e)    in violating the Consumer Protection Code, as set forth below, by failing or

refusing to accurately disclose the credit terms including the finance charge,

annual percentage rate, amount financed, and the like in a consumer credit sales as required by S.C. Code Ann. Section 37-2-301;

f)    in simultaneously offering an express warranty or a service contract while seeking to disclaim implied warranties under the Uniform Commercial Code of otherwise under South Carolina law, in violation of the Magnuson Moss Warranty Act, 15 U.S.C. Section 2301, et. seq.;

g)    in violating the Federal Truth in Lending Act, 15 U.S.C. Sections 1601 et. seq., as set forth in this Compliant; and

h)    in otherwise violating the South Carolina Unfair Trade Practices Act.

103.)    Defendants' conduct is likely to be repeated, because these transactions involved deceptive acts in the sale or financing of manufactured homes to members of the public, and this violation therefore affects the public interest, and does not merely involve private disputes.

104.)    Defendants' misrepresentations and nondisclosures had the tendency and capacity to deceive Plaintiffs, and did in fact deceive them; and, as a direct and proximate result of Defendants' violation of Sections 39-5-20, et. seq. of the Code of Laws of South Carolina (1976, as amended), Plaintiffs have suffered damages as alleged hereinabove, have incurred attorneys' fees and costs in the bringing of this action, and are entitled to judgment against the Defendants, jointly and severally, their agents and servants, in such an amount as a jury may determine to be just and proper.

**FOR A TWELTH CAUSE OF ACTION**
**DECLARATORY AND INJUNCTIVE RELIEF**
**(against all Defendants)**

105.)    Plaintiffs incorporate by reference all of the foregoing paragraphs.

25

106.)    Defendants have engaged and continue to engage in conduct that has a great probability of causing substantial and irreparable harm.

107.)    Members of the aforementioned classes are entitled to declaratory relief that Defendants' conduct is unlawful.

108.)    Members of the aforementioned classes are entitled to injunctive relief necessary to insure that such conduct will not continue, and to provide uniform standards of conduct for servicing class members' loans.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request this Court certify the aforementioned classes pursuant to Fed. R. Civ. P. 23(b)(1), (2) and/or (3), and award:

1.      Actual, special, and general damages as proven;

2.      Statutory damages and penalties;

3.      Restitution according to proof;

4.      Injunctive relief to ensure uniform standards of servicing conduct towards all class members and to prevent future wrongful conduct;

5.      Prejudgment interest at the maximum legal rate;

6.      Punitive damages according to proof;

7.      An accounting;

8.      Declaratory judgment as necessary to correct the wrongs inflicted upon them;

9.      Litigation costs and expenses of the proceedings herein;

10.     Reasonable attorneys' fees, and

11.     All such other and further relief as this Honorable Court deems just and proper.

MCGOWAN HOOD FELDER & JOHNSON

By:  s/S. Randall Hood
        S. Randall Hood, Esquire
        Federal ID No: 6103
        1539 Healthcare Drive
        Rock Hill SC  29732
        *Telephone: (803) 327-7800*
        *Facsimile: (803) 328-5656*
        *rhood@mcgowanhood.com*

        W. Jones Andrews, Jr., Esquire
        Federal ID No.:  5797
        500 Taylor Street, Suite 302
        Columbia SC  29201
        *Telephone:  (803) 256-0778*
        *Facsimile:  (803) 256-0702*
        *jandrews@jonesandrewslaw.com*

        Phillip Porter, Esquire
        Federal ID No.: 3104
        LAW OFFICE OF PHIL PORTER
        PO Drawer 5926
        Columbia SC  29250-5926
        *Telephone: (803) 251-3474*
        *Facsimile: (803) 799-0615*
        *Psquarelaw@aol.com*

ATTORNEYS FOR THE PLAINTIFFS